SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

ONE MANHATTAN WEST

NEW YORK, NY 10001

———

TEL: (212) 735-3000

FAX: (212) 735-2000

www.skadden.com

DIRECT DIAL
212-735-2192
DIRECT FAX
917-777-2129
EMAIL ADDRESS
ALEXANDER.DRYLEWSKI@SKADDEN.COM

FIRM/AFFILIATE OFFICES
————
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
PALO ALTO
WASHINGTON, D.C.
WILMINGTON
————
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

June 26, 2026

**BY ECF**

Honorable Gregory H. Woods
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

> RE:   Lyft, Inc. v. City of New York, Case No. 1:26-CV-04931

Dear Judge Woods:

We write on behalf of Plaintiff Lyft, Inc. ("Lyft") to respectfully oppose the motion of the New York Taxi Workers Alliance ("NYTWA") for leave to file a brief as amicus curiae (ECF No. 22).

"It is well-established that a district court has broad discretion to grant or deny an appearance as *amicus curiae* in a given case." *Picard v. Grieff*, 797 F. Supp. 2d 451, 451 (S.D.N.Y. 2011). The proper role of an amicus is to "aid . . . the court and offer insights not available from the parties." *Soos v. Cuomo*, 470 F. Supp. 3d 268, 284 (N.D.N.Y. 2020). Thus, courts deny leave when a party is ably represented or the proposed amicus "does not appear to be in possession of any unique information or perspective that would assist the Court." *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 465 n.3 (E.D.N.Y. 2019); *see also Soos*, 470 F. Supp. 3d at 284-85 (denying leave because the "competence of . . . plaintiffs' counsel obviates the need for additional input").

Courts also deny leave when the proposed amicus does not present an objective analysis. An amicus curiae is a "friend of the court," not a "friend of a party," and thus must act in "an objective, neutral, dispassionate" manner. *United States v. Gotti*, 755 F.

Judge Gregory H. Woods
June 26, 2026
Page 2

Supp. 1157, 1159 (E.D.N.Y. 1991); *see also Picard*, 797 F. Supp. 2d at 452 (denying leave because the proposed amicus "could not provide the Court with neutral assistance in analyzing the issues before it").

NYTWA should be denied leave because it cannot provide the Court with "neutral assistance in analyzing the issues before it." *Picard*, 797 F. Supp. 2d at 452. As alleged in the Complaint, NYTWA has lobbied against Lyft's deactivation policies for years and is credited with drafting the very deactivation law at issue in this lawsuit. (ECF No. 1 ¶¶ 30-33.) In fact, it was NYTWA itself that characterized the deactivation law as designed to create a presumption that deactivations are unlawful. (*Id.* ¶ 32.) Rather than offering "objective" and "neutral" assistance, NYTWA seeks to continue its advocacy campaign against Lyft and in favor of the City's intrusive regulation.[1] Because NYTWA's partisan posture exceeds the proper bounds of an amicus submission, its motion should be denied. *See Gotti*, 755 F. Supp. At 1159 ("[r]ather than seeking to come as a 'friend of the court' . . . it is apparent that [proposed amicus] has come as an advocate for one side," which "does the court, itself and fundamental notions of fairness a disservice").

NYTWA's motion should also be denied because its arguments will not assist the Court in resolving Plaintiff's claims under the Contract Clause and Due Process Clause. As explained in Plaintiff's memorandum of law in support of a preliminary injunction, Plaintiff's claims are likely to succeed because the City Council failed to develop a record of a legitimate public interest at the time it enacted the deactivation law. (ECF No. 7.) NYTWA cannot now, through an amicus brief, backfill the legislative record that might justify the law's enactment.

Regardless, NYTWA possesses no unique information to offer. Its views on deactivation are already part of the legislative record and the City is represented by legal counsel who has repeated the same articles, surveys, and anecdotal testimony offered by NYTWA. While Lyft takes no position on the motion of the Legal Aid Society and Legal Services, NYC (ECF No. 26), these groups too advance duplicative facts and arguments that will needlessly burden (rather than aid) the Court.

---

[1]    NYTWA is also continuing to speak publicly about the law, encouraging drivers to fill out surveys so that "appeals of past deactivations can be filed" when the "new law we won" will be "full force in effect!" *See* https://new-york-taxi-workers-alliance.solidarity.tech/all-driver-survey.

Judge Gregory H. Woods
June 26, 2026
Page 3

       For these reasons, Lyft respectfully requests that the Court deny NYTWA's motion for leave to appear as an amicus. In the event the Court grants the motion, Plaintiff respectfully requests leave to include an additional 1,000 words in its forthcoming reply to address the merits of NYTWA's and Legal Aid's submissions.

                                        Respectfully submitted,

                                        */s/ Alexander C. Drylewski*
                                        Alexander C. Drylewski

cc:     Counsel of Record (via ECF)