USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/1/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X

UBER TECHNOLOGIES, INC., *et al.*,

                        Plaintiffs,

            -v-

CITY OF NEW YORK,

                        Defendant.

------------------------------------------------------------------- X
------------------------------------------------------------------- X

LYFT, INC.,

                        Plaintiff,

            -v-

CITY OF NEW YORK,

                        Defendant.

------------------------------------------------------------------- X

1:26-cv-4893-GHW

1:26-cv-4931-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

David Martin, proceeding *pro se*, has moved for leave to file a brief as amicus curiae in the above captioned cases. No. 26-cv-04893-GHW, Dkt. No. 33; No. 26-cv-04931-GHW, Dkt. No. 29. His motions are DENIED.

"District courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011). "'There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court,' and so deciding whether to permit an individual to act as amicus curiae lies in the 'firm discretion' of the district court." *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, No. 20-CV-10832, 2021 WL 4555352, at *5 (S.D.N.Y. Oct. 4, 2021)

(quoting *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935, 2014 WL 265784, at *1 (S.D.N.Y. Jan. 23, 2014)).

"A court may grant leave to appear as an amicus if the information offered is 'timely and useful,'" *Lehman*, 2014 WL 265784, at *2 (citation omitted), and when the submission will be "of aid to the court and offer insights not available from the parties," *Auto. Club*, 2011 WL 5865296, at *1. As explained by the Seventh Circuit Court of Appeals:

> An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied.

*Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997) (citation omitted).

Courts often deny leave to file an amicus brief where the parties are ably represented, and the proposed brief would not provide meaningful additional assistance to the court. *See, e.g.*, *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992) (denying leave where "defendant's interests are adequately represented by his counsel" and "the additional memorandum of law would not aid this Court's evaluation of defendant's motion"), *aff'd*, 980 F.2d 161 (2d Cir. 1992); *Lehman*, 2014 WL 265784, at *2 (denying leave where "Plaintiffs are represented by competent counsel that has given as good as it gets" and proposed brief failed to present "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide").

The Court has considered Mr. Martin's proposed amicus brief, which seeks to provide the perspective of a rideshare driver who has experienced deactivation and is litigating an action in the Northern District of Illinois arising from his deactivation. His proposed brief also raises issues not developed in the City's opposition, including arguments concerning the Federal Arbitration Act's transportation-worker exemption, the adequacy of arbitration as a remedy for deactivated drivers,

2

adhesion contracts, rideshare market structure, and the broader significance of this litigation beyond New York City.

Those points do not warrant granting leave to file an amicus brief at this stage.  The proposed amicus brief is presented in conjunction with motions for a preliminary injunction, where the Court's task is to assess the likelihood of success on the merits, not to make an ultimate merits determination regarding the sufficiency of the allegations or evidence.  The City's opposition already addresses the legislative record supporting Local Law 52, the harms caused by wrongful deactivations, the existing review processes available to drivers, the law's tailoring, and the constitutional issues raised by Plaintiffs' motions.  Mr. Martin's additional arguments and personal experience, while considered, would not materially assist the Court in resolving those issues.  Accordingly, Mr. Martin's motions for leave to file an amicus brief are denied.  If later proceedings present issues as to which Mr. Martin can offer additional insight, he may renew his request for leave to file an amicus brief.

The Clerk of Court is directed to terminate the motions pending at Dkt. No. 33 in No. 26-cv-04893-GHW and at Dkt. No. 29 in No. 26-cv-04931-GHW.

SO ORDERED.

Dated: July 1, 2026
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3